IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-473-FL

| | | |
|---|---|---|
| MICHAEL S. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings. (DE 28, 31). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R"), (DE 37), which recommended that this court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R, (DE 38), and defendant's response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R and grants the defendant's motion.

**BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 8, 2008, alleging disability beginning on March 30, 2007. A hearing was held before an Administrative Law Judge ("ALJ"), who denied plaintiff's application on July 16, 2010. The appeals council denied plaintiff's request for review on July 6, 2011. Plaintiff filed a complaint in this court seeking review of the final administrative decision on August

4, 2011.  On motion to remand by the Commissioner, the court remanded the case back to the Commissioner for further proceedings, including a new hearing.  Cooper v. Astrue, No. 5:11-CV-399-BO, Order, (E.D.N.C. Feb. 27, 2012).  The appeals council then remanded the case to a new ALJ for further administrative proceedings.  Plaintiff filed additional claims for DIB and SSI on December 22, 2010, and the appeals council directed the ALJ to associate all plaintiff's claims and issue a new decision.  A second administrative hearing was held on December 17, 2012.  On April 4, 2013, the ALJ issued a decision denying plaintiff's claims, and the appeals counsel denied further review.  Plaintiff filed the instant action seeking judicial review on the now final administrative decision on July 1, 2013.

## DISCUSSION

A.   Standard of Review

This court has jurisdiction to review the Commissioner's final decision denying benefits under 42 U.S.C. § 405(g) .  In conducting this review, the court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "[Substantial evidence] means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).  The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance."  Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]."  28 U.S.C.

§ 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process. This five-step process asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. In step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 30, 2007. (Tr. 549). At step two, the ALJ found that plaintiff had the following severe medical impairments: degenerative joint disease of the elbow, depression, and alcohol abuse. Id. At step three, the ALJ determined that plaintiff's severe impairments were not enough, individually or in combination, to meet or medically equal one of the listed impairments in the regulations. (Tr. 549-50).

3

Prior to proceeding to step four, the ALJ determined that plaintiff had residual functional capacity ("RFC") to perform "light work," subject to the following restrictions: use of the right upper extremity on an occasional basis and as a helper only; occasional climbing or balancing; no excessive noise or vibration; performance of simple, routine, repetitive tasks in a non-production work environment; and no more than occasional interaction with others. (Tr. 551). In making this determination, the ALJ found plaintiff's statements about the severity, persistence, and limiting effects of his pain and depression not wholly credible. (Tr. 551-52). At step four, the ALJ found that plaintiff did not have the RFC to perform his past relevant work. (Tr. 557). At step five, upon consideration of plaintiff's age, education, work experience, and RFC, in addition to the testimony of plaintiff's vocational expert ("VE"), the ALJ concluded plaintiff was capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (Tr. 558-59). Accordingly, the ALJ determined plaintiff had not been under a disability, as defined in the Social Security Act, during the relevant time period. (Tr. 559).

B. Analysis

Plaintiff raises two objections to the M&R, incorporating in part arguments raised in his brief in support of his motion for judgment on the pleadings. Specifically, plaintiff argues that: (1) the ALJ did not properly weigh the medical testimony of plaintiff's treating physician and (2) the ALJ improperly assessed plaintiff's RFC. The court addresses both objections in turn below.

1. Objection One - Weight of Dr. Brinn's Opinion

Plaintiff objects to the ALJ's decision not to afford controlling weight to the opinion of Dr. Nathan A. Brinn, plaintiff's treating physician. The ALJ must weigh and evaluate all medical opinions received, regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally,

opinions of treating sources are given greater weight than opinions of non-treating sources, such as consultative examiners. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). While a treating source's opinion usually is afforded "great weight," the ALJ is not required to afford it "controlling weight." Craig, 76 F.3d at 589-90. "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. at 590. If the ALJ determines a treating source's opinion should not be given controlling weight, then the ALJ must evaluate and weigh the opinion according to the following non-exclusive list: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson, 434 F.3d at 654 (citing 20 C.F.R. § 404.1527). The ALJ must state the weight given to a treating source's medical opinion and provide specific reasons for the weight given to those opinions. SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

In this case, the ALJ's decision to give less weight to the opinion of plaintiff's treating physician in his decision is supported by substantial evidence. Dr. Brinn gave several medical opinions during the course of treatment. For instance, in March 2012, Dr. Brinn stated that plaintiff had a "complicated right elbow fracture" that "prevent[ed] him from working." (Tr. 856). Previously, in May 2009, he had stated that plaintiff's "main physical limitation comes from a severe injury to his right elbow . . . rendering him unable to work in a physical capacity." (Tr. 532). In the same letter, Dr. Brinn opined that the plaintiff's condition was "unlikely to improve or change." Id. In the March 2012 opinion, Dr. Brinn also stated that plaintiff's depression "affect[ed] his ability to engage and participate." (Tr. 856). However, as the ALJ discusses in his opinion, treatment

5

notes and other medical evidence in the record supports the conclusion, consistent with the opinion of consultative examiners, that plaintiff was not limited to the extent asserted in Dr. Brinn's opinions. (See Tr. 394-99, 553-54, 790-94).

In particular, there is substantial evidence to support the ALJ's conclusion that plaintiff's elbow impairments are not as severe as asserted in Dr. Brinn's opinions. (See Tr. 433, 437, 447-49, 534-35, 794). For example, plaintiff alleges that he was disabled due to right arm and hand pain. (Tr. 555). However, plaintiff's pain was controlled with over-the counter medication; plaintiff was using less of his prescription medication than prescribed; plaintiff had a full range of motion with his left shoulder, elbow, and hand; and plaintiff had discontinued physical therapy. (See Tr. 433, 437, 447-49, 534-35, 794).

Likewise, substantial evidence supports the ALJ's determination that the disabling effects of plaintiff's depression were not as severe as asserted in Dr. Brinn's opinions. (See Tr. 373-35, 856). Dr. Brinn's treatment notes indicate that plaintiff's depression was "fairly well controlled." (Tr. 856). And while plaintiff exhibited "mild symptoms [of depression] or some difficulty in social, occupational, or school functioning," when plaintiff first met with a psychologist his "gait and posture were good, he was on time, he was very presentable and his activity level was fine." (Tr. 552; see also, Tr. 373-75). Additionally, plaintiff's psychologist notes that on both occasions plaintiff "generally functioned pretty well with some meaningful relationships." Id.

Finally, plaintiff contends that the ALJ did not address other factors pertinent to Dr. Brinn's opinion, specifically dizziness and headaches. However, substantial evidence supports the conclusion that plaintiff's dizziness and headaches were not as disabling as plaintiff contends. (See Tr. 373, 534-35, 789-91, 856, 858). Dr. Brinn stated in treatment notes that plaintiff "has chronic

6

daily headaches." (Tr. 856). In addition, he stated that plaintiff has "fairly frequent vertigo and headaches . . . that have progressed over time." (Tr. 858).

Dr. Brinn did not state, however, that plaintiffs dizziness or headaches caused limitations that affected his ability to work. Other physicians' opinions described in the ALJ's decision acknowledged plaintiff's dizziness and headaches, but did not find them to be a limitation on his ability to work. (See Tr. 373, 534-35, 789-91). For example, one consulting physician noted diagnosis of both migraine headaches and dizziness. (Tr. 535). However, he also noted that plaintiff's "positive findings" were limited to his right elbow and shoulder. (Tr. 534). Another acknowledged plaintiff's complaints of dizziness and headaches, but, in forming her opinion of plaintiff's limitations, did not rely on headaches and relied only on dizziness to say that after one and one half to two hours of sitting plaintiff begins to feel dizzy. (Tr. 789-91).

In sum, because Dr. Brinn's opinions regarding plaintiff's symptoms, including dizziness and headaches, conflicts with other substantial evidence of record, the ALJ was not required to give his opinion controlling weight. Accordingly, plaintiff's first objection is overruled.

2.  Objection Two - The ALJ's RFC determination.

Plaintiff assigns error to the ALJ's RFC determination that plaintiff could do "light work." Plaintiff argues that the ALJ did not properly take into account the limitations created by all his impairments, including dizziness and headaches.

The court finds that the M&R addresses the issues raised in plaintiff's objection in a clear and cogent manner. As the M&R notes, plaintiff was treating his pain primarily by over-the-counter medication, and his pain was "well controlled." (Tr. 433, 437, 441). Plaintiff was not taking his prescribed pain medication, (Tr. 794), and rarely used his depression medication, (Tr. 441).

7

Moreover, plaintiff had discontinued physical therapy for his right arm, (Tr. 448-49), and had a full range of motion in his left shoulder and elbow, (Tr. 534-35).

Plaintiff's suggests in his objection that the ALJ erred by not including any discussion of dizziness or headaches in his RFC determination. Where the ALJ gave little weight to the opinion of Dr. Brinn, however, and where there is no medical evidence supporting the conclusion that dizziness or headaches caused functional limitations, the ALJ was not required to discuss these symptoms specifically. Johnson, 434 F.3d at 658 (noting that medical conditions must cause functional limitations in order to be considered during the RFC determination); Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439 (4th Cir. 1997) (noting that the ALJ need only discuss obviously probative exhibits). Furthermore, the ALJ's discussion of medical opinions, which addresses such symptoms of dizziness and headaches, is sufficient to allow the court to ascertain that the ALJ weighted the evidence in making his disability determination.

Indeed, the ALJ acknowledged in a hypothetical question that plaintiff alleged symptoms of dizziness and headaches:

> assume that the [hypothetical] individual additionally has all the limitations described here today by . . . [plaintiff], especially . . . his limited ability to walk, and stand, and sit as was described, but also as to his testimony as to a significant dizzieness and the frequency and severity of his headaches as he described . . . twice a week.

(Tr. 595). Plaintiff suggests that evidence of dizziness and headaches is probative simply because the hypothetical question was asked. The ALJ's question, and the VE's response, indicate that *if* the ALJ had found evidence of dizziness and headaches probative, then it would be reversible error not to discuss their impact on the RFC determination. However, substantial evidence supports the weight given to the opinions assigning no functional limitations to headaches and dizziness.

8

In sum, substantial evidence supports the ALJ's determination that plaintiff could perform light work with the limitations noted. In addition, the ALJ sufficiently described the medical evidence bearing on his decision. Sterling Smokeless, 131 F.3d at 439 ("[The court] must first ascertain whether . . . [defendant] has . . . consider[ed] all relevant evidence . . . and . . . sufficiently explained the weight . . . given to obviously probative exhibits."). Remand for further explanation regarding plaintiff's alleged symptoms of headache and dizziness is, thus, not required. See, Bishop v. Comm'r of Soc. Sec., ___ Fed. App'x ___, 2014 WL 4347190, at * 2 (4th Cir. Sept. 3, 2014). Therefore, plaintiff's second objection is overruled.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge, (DE 37), DENIES plaintiff's motion, (DE 28), GRANTS defendant's motion, (DE 31), and upholds the final decision of the Commissioner.

SO ORDERED this the 30th day of October, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge